UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**FREDERICK C. KRAUS, M.D.,**

    **Plaintiff,**

    v.

**NIGHTHAWK RADIOLOGY
SERVICES, LLC,**

    **Defendant.**

Case No. 2:11-cv-558
JUDGE GREGORY L. FROST
Magistrate Judge E.A. Preston Deavers

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant's motion to transfer venue (ECF No. 18), Plaintiff's memorandum in opposition (ECF No. 23), Defendant's reply memorandum (ECF No. 28), and Plaintiff's surreply memorandum (ECF No. 32). For the reasons that follow, this Court finds the motion not well taken.

### I.  Background

Defendant, NightHawk Radiology Services, LLC, is in the business of providing radiology diagnostic services to hospitals, doctor offices, and other medical facilities throughout much of the United States and internationally. Plaintiff, Frederick C. Kraus, is a licensed radiologist who since 2004 worked as an independent contractor for Defendant to provide Defendant's customers with radiological interpretation services. The most recent renewal of the contract between the parties provides that Plaintiff is required to maintain his license in each of the forty states in which there is a facility that Defendant services. The December 1, 2009- December 31, 2011 agreement provides that Plaintiff bears the cost of his initial licensing and credentialing and that "all other costs for state licensing and hospital credentialing, including any required travel, and renewals will be paid by [Defendant]."  (ECF No. 1-1 ¶ 17.)

Prior to entering into the foregoing agreement with Defendant, Plaintiff had been sued for medical malpractice and wrongful death in Ohio. That lawsuit was settled in 2005, and Plaintiff disclosed the settlement to the state medical boards in the states in which he was licensed. The Colorado State Board of Medical Examiners, Department of Regulatory Agencies opened an investigation that resulted in a June 2009 letter of admonishment to Plaintiff, who in turn failed to appeal the admonishment within the twenty-day time period for doing so. After this admonishment was subsequently reported by the Colorado State Board of Medical Examiners, Department of Regulatory Agencies to all states in which Plaintiff was licensed, numerous investigations arose. Plaintiff has defended himself in several proceedings and additional proceedings apparently remain ongoing.

Plaintiff asserts that under their agreement, he is entitled to reimbursement from Defendant for his attorney's fees and costs, as well as his travel costs and compensation for his time, spent in defending the various state disciplinary actions. In an effort to obtain such reimbursement, Plaintiff filed the instant action in the Franklin County Court of Common Pleas. He asserts state law claims for declaratory judgment, breach of contract, and negligence. (ECF No. 1-1 ¶¶ 52-66.) Following removal, Defendant filed a motion to transfer this case to the United States District Court for the District of Minnesota pursuant to 28 U.S.C. § 1404(a). (ECF No. 18.) After a series of delays largely related to a now-resolved default judgment issue, the parties have completed briefing the issues involved, and the motion to transfer is ripe for disposition.

## II. Discussion

### A. Standard Involved

A transfer of venue is appropriate under 28 U.S.C. § 1404(a) "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A district court has discretion whether to transfer venue. *Zomba Enter., Inc. v. Panorama Records, Inc.*, 491 F.3d 574, 588 (6th Cir. 2007). The Sixth Circuit has stated that in deciding whether to transfer a case, "a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.' " *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991). The movant bears the burden to demonstrate that the balance of factors strongly favors transfer. *Hanning v. New England Mut. Life Ins. Co.*, 710 F. Supp. 213, 214 (S.D. Ohio 1989). Private interest factors of the parties include " 'the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; . . . and all other practical problems that make trial of a case easy, expeditious and inexpensive.' " *Id.* at 214 (quoting *Gulf Oil Corp. Gilbert*, 330 U.S. 501, 508 (1947)).

Transfer is inappropriate if it merely shifts the burden of inconvenience. *See Reed Elsevier, Inc. v. Innovator Corp.*, 105 F. Supp. 2d 816, 821-22 (S.D. Ohio 2000). There is thus a strong presumption in favor of a plaintiff's choice of forum that "may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981). *See Trustar Funding v. Mruczynski*, No. 1:09-

cv-01747-CAB, 2010 WL 1539759, at *10 (N.D. Ohio Mar. 30, 2010) (" 'Plaintiff's choice of forum should be given 'great' or 'substantial' weight when considering whether to transfer a case under § 1404(a).' " (quoting *U.S. v. Cinemark USA, Inc.*, 66 F. Supp. 2d, 881, 888 (N.D. Ohio 1987))).  A plaintiff's choice of forum is given little weight " 'where none of the conduct complained of occurred in the forum selected by the plaintiff.' " *Keybanc Capital Markets v. Alpine Biomed Corp.*, No. 1:07 CV 1227, 2008 WL 828080, at *7 (N.D. Ohio Mar. 26, 2008) (quoting *Edmison v. Vision Inv. & Dev., LLC*, No. 1:06 CV 1108, 2006 WL 3825149, at *5 (N.D. Ohio Dec. 26, 2006)).

**B. Analysis**

Defendant argues that transfer is warranted to the United States District Court for the District of Minnesota based on the convenience to the parties and witnesses and the interests of justice.  The company asserts that the parties' dispute "has virtually no relation to the State of Ohio" and notes that, following a merger with Minnesota company Virtual Radiologic, its headquarters is now located in Minnesota.[1]  (ECF No. 18, at 4.)  When Plaintiff filed the action in state court on December 15, 2010, Defendant was an Idaho limited liability company that was registered to do business in Ohio.  (ECF No. 1-1 ¶ 2.)  According to the Complaint, Plaintiff maintains residences in Florida and Australia.  (ECF No. 1-1 ¶ 1.)  Thus, Defendant concludes, Plaintiff will have to travel regardless of whether the action is in Ohio or Minnesota.

The parties disagree as to whether Plaintiff could have brought this action in the United States District Court for the District of Minnesota.  This Court recognizes that Defendant was a

---

[1] All pinpoint references to documents filed on the electronic docket shall be to the original page numbers of the documents involved, not to the page numbers assigned by the electronic filing system.

resident of Minnesota even prior to its affiliation with Minnesota entity Virtual Radiologic. The Court shall therefore move directly to the parties' arguments regarding case-specific factors.

This Court recognizes that the location of the complained-of activity weighs somewhat in favor of transfer. Almost none of the key or core activity giving rise to Plaintiff's claims occurred in Ohio. The underlying malpractice proceedings took place in Ohio, but the relevance of the details of that action is at best likely to be minimal if it exists at all. Plaintiff disputes Defendant's contention that he suffered no harm in Ohio and points this Court to the fact that he incurred attorney's fees and expenses in responding to an investigation by the Ohio Medical Board. This fact does inform the issue of damages, although that alone is not dispositive of this factor. A plaintiff's choice of forum is usually awarded high deference, but that is simply one factor in the analysis and is not alone dispositive. *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 413 (6th Cir. 1998). This Court is cognizant that a plaintiff's choice of forum is given less weight where none of the complained-of activity occurred in the plaintiff's choice of forum. *Keybanc Capital Markets*, 2008 WL 828080, at *7. Accordingly, the Court finds that the fact that nearly if not all of the complained-of conduct occurred elsewhere weighs somewhat in favor of transfer.

In reviewing the private interest factors, including the location of sources of proof, the convenience of witnesses, the availability of compulsory process for unwilling witnesses, and judicial economy, the Court finds, however, that the balance does not strongly weigh in favor of transfer. Access to documents in this age of modern discovery is an unpersuasive consideration here. Defendant has failed to demonstrate why discovery conducted from Ohio would be problematic or why discovery conducted in Minnesota would be so much easier so as to favor

transfer. This same rationale undercuts Plaintiff's assertion that the Court should decline transfer in part because the voluminous evidence from the tangentially related malpractice action is in Ohio.

As Plaintiff notes, it appears that the primary issue in this litigation will be contract interpretation. To the extent that the testimony of unidentified witnesses will be necessary, there has been no showing of problems with such testimony. There is no basis here to conclude that compulsory process will be unavailable and there has been no showing of the costs involved.

Neither judicial economy nor the interests of justice compel transfer. This Court has already held several conferences in this litigation, has hosted a deposition in its conference room, has become generally familiar with the basic facts and claims, and has issued several decisions in this action, including one that vacated the state court's entry of default judgment. Moreover, Ohio is at worst essentially equally inconvenient to both parties. Removing some of that inconvenience for only one party presents insufficient cause to effectuate a contested transfer. Because Defendant has failed to persuade this Court that the balance of factors strongly favors transfer, the Court in its discretion declines to push this litigation from the venue in which it has already received attention.

### III. Conclusion

The Court **DENIES** Defendant's motion to transfer. (ECF No. 18.)

**IT IS SO ORDERED**.

      /s/ Gregory L. Frost  
GREGORY L. FROST  
UNITED STATES DISTRICT JUDGE